**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS SOOK, an individual,

    Plaintiff,

v.                                          **Case No.** 8:15-cv-00264-EAK-MAP

THE NIELSEN COMPANY (US), LLC,
a Delaware limited liability company
d/b/a "Nielsen Media Research"

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's, THE NIELSEN COMPANY (US), LLC ("Defendant"), Motion to Stay Proceedings Pending Ruling by the Federal Communications Commission, (Doc. 24), filed May 19, 2015, and Plaintiff's Response in Opposition, (Doc. 25), filed June 2, 2015. For the reasons that follow below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On February 9, 2015, Plaintiff filed its complaint, alleging that Defendant sent Plaintiff thousands of unwanted text messages in violation of 47 U.S.C. § 227, The Telephone Consumer Protection Act ("TCPA"). (Doc. 1 at 1). Specifically, Count I of the complaint alleges that Defendant negligently violated the TCPA by utilizing an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called from a database of numbers in order to send excessive text messages without the consent of the Plaintiff. (Doc. 1 at 7). Count II of the

complaint alleges that Defendant knowingly or willfully violated the TCPA by utilizing an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called from a database of numbers in order to send excessive text messages without the consent of the Plaintiff. (Doc. 1 at 8).

From June 1, 2009 to March 25, 2011, Plaintiff was in Defendant's employ on an on-call basis. (Doc. 1 at 5). As an on-call employee, Plaintiff received text messages when issues arose that required his attention. (Doc. 1 at 5). In order to send those text messages, Defendant utilized MIR3's TelAlert notification system. (Doc. 1 at 5). TelAlert is an automated notification service that sends text messages whenever an event occurs that requires an on-call employee. (Doc. 1 at 6). Upon leaving Defendant's employ Plaintiff stopped receiving the text message notifications until a few month later when it unexpectedly began again. (Doc. 1 at 7). Plaintiff alleges that twice he has contacted Defendant and requested that the messages cease and that despite this, the text messages continue to this day. (Doc. 1 at 7).

Defendant now moves this Court to stay proceedings pending ruling by the Federal Communications Commission ("FCC") expected to occur on June 18, 2015. Defendant states that the ruling will either extinguish Plaintiff's claim or provide essential clarity for any further proceedings in this case. (Doc. 24 at 1). Specifically, Defendant claims that the ruling will provide clarification on three issues central to this case: (1) whether the TCPA applies to intra-company messaging systems that are not directed to consumers and are never intended to reach the public; (2) whether there is an affirmative, bad-faith defense that vitiates TCPA where the plaintiff acts (or fails to act) unreasonably or intentionally in order for statutory penalties to accrue; and (3)

whether the TCPA imposes liability for informational, non-telemarketing calls that reach someone other than the intended recipient. (Doc. 24 at 3).

Plaintiff responds by stating that a stay is not appropriate in this instance for two essential reasons. (Doc. 25 at 5). First, Plaintiff asserts that the facts of this case are distinguishable from those of the petition pending before the FCC and as such, is not relevant to this case. (Doc. 25 at 6-7). Second, Plaintiff states that the FCC is more than likely going to rule in a way that will deny the relevant portions of the petition. (Doc. 25 at 7).

## **LEGAL STANDARD**

"Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the action by an administrative agency." *Wagner & Brown v. ANR Pipeline Co.*, 837 F. 2d 199, 201 (5th Cir. 1988). "The doctrine is invoked: 'whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body.'" *Id.* at 201. (*quoting United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64, (1956). Further, "[a] court considering deferring to an agency's primary jurisdiction must weigh the benefits of obtaining the agency's aid against the need to resolve the litigation expeditiously and may defer only if the benefits of agency review exceed the costs imposed on the parties." *Id.* at 201. (*citing Gulf States Utilities Co. v. Alabama Power Co.*, 824 F. 2d 1465, 1473 (5th Cir. 1987).

## **DISCUSSION**

In order to exercise primary jurisdiction, this Court must balance the benefits of agency review against the cost imposed on the parties. In the instant case, the benefits of agency review are numerous. Although Plaintiff asserts the lack of relevancy and attempts to predict the outcome of the FCC's ruling, regardless of how the FCC rules, their ruling will be informative of the standard of review to apply to this case. Further, the cost imposed on the parties here will be minimal. As the FCC is set to rule on June 18, 2015, the imposition of a stay will be but a minor delay causing no prejudice to the Plaintiff.  A ccordingly, it is

**ORDERED** that Defendant's Motion to Stay (Doc. 24) is **GRANTED** and, this cause of action is stayed until otherwise notified. The parties are required to file status reports by July 1, 2015 regarding the result of the FCC's ruling on June 18, 2015.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 12th day of June, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of Record.