UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| THOMAS SOOK, an individual, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 8:15-cv-264-EAK-MAP |
| | ) |
| v. | ) |
| | ) |
| THE NIELSEN COMPANY (US), LLC, a Delaware limited liability company d/b/a "Nielsen Media Research," | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S STATUS REPORT**

Pursuant this Court's order requiring a further status report, [ECF No. 33], Plaintiff files this Status Report regarding the result of the Federal Communication Commission's ("FCC") ruling clarifying the Telephone Consumer Protection Act ("TCPA") adopted on June 18, 2015:

1. The FCC released its Declaratory Ruling and Order (hereinafter the "Order"), FCC 15-72, on July 10, 2015. Attached as Exhibit A.

2. The Order addresses, and resolves in Plaintiff's favor, the three issues raised by the Rubio's Restaurant Petition which Defendant contends "squarely impact the present case." [ECF No. 24; p. 3]. These issues as stated by Defendant are: "whether the TCPA applies to intra-company messaging systems; whether there is an affirmative, bad-faith defense that vitiates TCPA liability where the plaintiff acts or fails to act so that statutory penalties accrue; and whether the TCPA imposes liability for informational, non-telemarketing calls that reach someone other than the intended recipient." *Id.* at 9.

3. First, the Order specifically addresses whether the TCPA applies to intra-company messaging systems, finding unequivocally that whether or not equipment is an intra-company messaging system is irrelevant under the TCPA, the FCC states:

> Rubio's second argument is that "the TCPA does not apply to intra-company messaging systems which are not aimed at consumers and [are] never intended to reach the public." As discussed above, the TCPA is not concerned with the intended audience of the call, but rather with the called party, *i.e.* the subscriber to or customary user of a wireless number at the time the call is made. If such wireless calls are made without prior express consent, the statute broadly applies to "*any* call . . . to *any* telephone number." In any event, although Rubio's states that its messaging system sends the remote alerts to its employees' wireless phone numbers, it also admits that calls to reassigned numbers do reach members of the public. As such, while Rubio's may not intend to reach members of the public, it nonetheless does, and consequently impacts the privacy of those called parties. We, therefore, deny Rubio's Petition based on this argument.

Exhibit A at ¶96, p. 52 (footnotes omitted, emphasis in original). Defendant's assertion that its equipment is an intra-company messaging system does not defeat Plaintiff's claims.

4. Next, the Order also addressed the requested bad-faith defense:

> Rubio's first argues that that the Commission should add "an affirmative, bad-faith defense that vitiates liability upon a showing that the called party purposefully and unreasonably waited to notify the calling[ ]party of the reassignment in order [to] accrue statutory penalties." We decline to do so. Neither the TCPA nor our related rules place any affirmative obligation on the user of a wireless number to inform all potential callers when that number is relinquished or reassigned; uninvolved new users of reassigned numbers are not obligated under the TCPA or our rules to answer every call, nor are they required to contact each caller to opt out in order to stop further calls. Furthermore, once the new subscriber to the wireless number informed Rubio's that the number had been reassigned, Rubio's had actual knowledge that the prior express consent of its employee was no longer valid. At that point, it was incumbent upon Rubio's to take action to update its remote messaging system and remove the number. The new subscriber's statement that he had "solved the problem" was immaterial if Rubio's knew that the prior express consent of its employee was no longer valid and it took no action to update its system to cease calling that wireless number. We, therefore, deny Rubio's Petition based on this argument.

*Id.* at ¶95, p. 51-52 (footnotes omitted). Defendant's assertion that Plaintiff acted in bad-faith is both false and insufficient as a defense to Plaintiff's claims.

5. Finally, as to the last issue, whether informational calls that reach someone other than the intended recipient violate the TCPA, the Order re-affirms: "As we stated in the *ACA Declaratory Ruling,* the restriction set forth in section 227(b)(1)(A)(iii) applies 'regardless of the content of the call.'" *Id.* at ¶ 96 (footnotes omitted). Therefore, Defendant's assertion that its text messages were informational in nature does not impact Plaintiff's claims. Also, in the Order the FCC rejected "proposals that we interpret 'called party' to be the 'intended recipient' or 'intended called party.' We agree with the Seventh and Eleventh circuits that the TCPA nowhere indicates that caller intent is relevant to the definition of 'called party.'" *Id.* at ¶ 78 (footnotes omitted). Thus, Defendant's assertion that its text messages were intended to reach someone other than the Plaintiff similarly does not impact Plaintiff's claims.

6. Plaintiff respectfully submits that as the FCC has resolved all of the issues identified by Defendant in Plaintiff's favor, no grounds exist for maintaining the stay of this action.

Dated: July 15, 2015.

Respectfully submitted,

*/s/ Scott D. Owens*
Scott D. Owens, Esq.
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

                                          By: /s/ *Scott D. Owens*
                                               Scott D. Owens, Esq.